UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | 2:15-cr-00096-DCLC-CRW |
| v. | ) | |
| GREGORY HAROLD MOORE, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Gregory Harold Moore's *pro se* Motion for Compassionate Release "for [an] unusually long sentence." [Doc. 253, pg. 2]. The Federal Defender Services of Eastern Tennessee reviewed the motion under Standing Order 21-09 and notified the Court that they would not supplement the motion. [Doc. 256]. The United States responded in opposition [Doc. 257], and the matter is now ripe for resolution. For the reasons below, Defendant's Motion [Doc. 253] is **DENIED**.

**I.    BACKGROUND**

On February 16, 2016, Moore pled guilty to six counts of a thirteen-count superseding indictment. [Doc. 80]. Those six counts included four drug offenses, possession of a firearm in furtherance of a drug trafficking offense, and conspiracy to threaten bodily injury to a person in retaliation for suspected cooperation with law enforcement.[1] [Doc. 72]. The Court ordered the

---

[1] Moore pleaded guilty to: (1) conspiracy to distribute and possess with the intent to distribute 50 grams or more of actual methamphetamine (21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)); (2) conspiracy to distribute and possess with the intent to distribute hydrocodone (21 U.S.C. § 846 and 841(a)(1), (b)(1)(C)); (3) conspiracy to distribute and possess with the intent to distribute oxymorphone (21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C)); (4) conspiracy to distribute and possess with the intent to distribute oxycodone (21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C)); (5) possession of a firearm in furtherance of a drug trafficking offense (18 U.S.C. § 924(c)(1)(A)); and (6) conspiracy to

preparation of a Presentence Report, which calculated Moore's offense level as 38 and his criminal history category as III. [Doc. 96, ¶ 84]. Those findings gave Moore an advisory guideline range of 292-365 months' imprisonment. [*Id.*]. But because the firearm charge carried a mandatory consecutive 60 months' imprisonment, Moore's effective advisory guideline range was 352-425 months' imprisonment. [*Id.*].

At sentencing, the Court adopted the Presentence Report as the findings of the Court. [Doc. 159]. The Court sentenced Moore to a net effective sentence of 360 months' imprisonment. [Doc. 158]. That sentence included: 300 months on Count 1, 240 months on Counts 2, 3, 4, and 19, to be served concurrently with one another and with the term imposed on Count 1; and a consecutive 60 months on Count 14 (the firearms charge). The Court included a five-year term of supervised release. [Doc. 158].

Moore had moved for compassionate release in light of the COVID-19 pandemic, his medical conditions, and raised various complaints about his attorney's representation during plea negotiations. [Doc. 219]. The Court denied that motion because "[c]ompassionate release on these facts would not reflect the seriousness of the offenses of conviction, would not promote respect for the law or provide just punishment, and would not afford adequate deterrence or protect the public from future crimes." [Doc. 225, pg. 8]. To date, Moore has served about 118 months, and his projected release date is March 10, 2041.[3]

Moore has now filed a second motion for compassionate release pursuant to 18 U.S.C. 3582(c)(1)(A), arguing that he received an "unusually long sentence" for his first offense

---

threaten and attempt to engage in conduct which would cause bodily injury with the intent to retaliate for suspected cooperation with law enforcement (18 U.S.C. § 1513(b)(2)).

3   *See* BOP Inmate Locator, https://bop.gov/inmateloc (last accessed June 24, 2025).

compared to similarly situated defendants and after "nearly a decade" he has been a model for rehabilitation and reduction of recidivism. [Doc. 253, pg. 2].

## II. LEGAL STANDARD

"When a court imposes a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. O'Hara,* 114 F.4th 557, 560 (6th Cir. 2024). The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, amended 18 U.S.C. §. 3582(c)(1)(A) to allow the court to alter sentences upon motion of a defendant. Section 3582(c)(1)(A) now provides that:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

Under 18 U.S.C. § 3582(c)(1)(A), the Court can reduce a term of imprisonment if three conditions are satisfied:[4] (1) the court must find the existence of extraordinary and compelling reasons warranting a reduction; (2) the reduction must be consistent with applicable policy statements issued by the United States Sentencing Commission; and (3) the court must find support from the applicable sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). The Court may deny a motion for compassionate release when any of the three conditions are not met. *United States v. Elias*, 984 F.3d 515, 519 (6th Cir. 2021). And the Court "must deny a defendant's motion if the defendant fails to show either that

---

[4] Before moving for compassionate release in court, an inmate must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [her] behalf." 18 U.S.C. § 3582(c)(1)(A); *See United States v. Alam*, 960 F.3d 831, 835–36 (6th Cir. 2020).

extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction." *United States v. McKinnie*, 24 F.4th 583, 586 (6th Cir. 2022)(citations omitted).

Extraordinary and compelling reasons include circumstances such as a terminal illness or serious medical conditions as described in U.S.S.G. § 1B1.13(b)(1); age-related decline in health under § 1B1.13(b)(2); family circumstances involving the death or incapacitation of a caregiver under § 1B1.13(b)(3); or situations where the defendant has been the victim of sexual or physical abuse while in custody, as detailed in § 1B1.13(b)(4). Relief may also be justified by other comparably serious circumstances under § 1B1.13(b)(5).

The Sentencing Commission also added U.S.S.G. § 1B1.13(b)(6) which provides for relief for an "unusually long sentence."[5] This is the provision on which Defendant hangs his hat. But in *United States v. Bricker*, 135 F.4th 427, 430 (6th Cir. 2025), the Sixth Circuit held that U.S.S.G. § 1B1.13(b)(6) is invalid. *Id*. at 450. The court reasoned that § 1B1.13(b)(6) improperly expanded the scope of extraordinary and compelling reasons for sentence reductions beyond what Congress intended. *Id.* at 448 (emphasizing that the Sentencing Commission's authority is not unlimited and must align with the statutory framework established by Congress). The Court now turns to Defendant's Motion.

### III. ANALYSIS

Moore argues that the unusual length of his sentence and his showing of rehabilitation create extraordinary and compelling reasons for relief. For the reasons below, the Court disagrees.

---

[5] U.S.S.G. § 1B1.13(b)(6) provides that where a "defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed…."

A.  LENGTH OF SENTENCE

Moore cannot obtain relief under § 1B1.13(b)(6) because the Sixth Circuit held that provision invalid. *Bricker*, 135 F.4th at 450. And the Sixth Circuit has been clear that an intervening change in law that is not made retroactive is not an extraordinary and compelling reason for relief. *See United States v. McCall*, 56 F.4th 1048, 1055–56 (6th Cir. 2022)("[P]rospective changes in federal sentencing law are far from an extraordinary event."). So Moore cannot demonstrate extraordinary and compelling reasons for relief based on the fact that—were he sentenced today—his mandatory minimum sentence would be lower.[6]

Even if the Court could consider the length of his sentence or changes in the law, Moore would still not qualify for a sentence reduction. Moore has not identified any change in the law that would yield a "gross disparity" between his existing sentence and the one he would likely receive if sentenced today. U.S.S.G. § 1B1.13(b)(6). The change in the mandatory minimum—from 20 years to 15 years—is not a "gross disparity" between the sentence imposed and the sentence that would likely be imposed today. *Id.* Moore's guideline range remains the same regardless of the statutory minimum, and his sentence falls within that range.[8] Thus, even if the Court could consider the differences in the law, that would not be an extraordinary and compelling reason for relief.

---

[6]  Nor has Moore even alleged, much less established, that he satisfied the exhaustion requirement for those claims. The court is justified in denying the motion on those grounds or on the merits. *See United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021).

[8]  Moore references the First Step Act, § 401, Pub. L. No. 115-391, 132 Stat. 5194 (2018), which reduced certain penalties in 21 U.S.C. § 841 and altered the prerequisites for enhanced recidivist penalties (*e.g.*, requiring a prior conviction to be a "serious drug felony" or "serious violent felony," rather than a "felony drug offense"), but Moore's existing sentence was not enhanced because of any prior conviction, so the changes in Section 401 would not benefit him in any event.

U.S.S.G. § 1B1.13(b)(5), the catchall provision, allows for relief in which a defendant presents "any other circumstance or combination of circumstances" that are comparable in gravity to those listed in subsections (b)(1) through (b)(4). But Moore has not identified any such circumstances that would justify a sentence reduction. The length of his sentence does not independently qualify under the catchall provision. Nor has Moore demonstrated any medical, familial, age-related, or abuse-related hardships similar in seriousness to those explicitly listed. So Moore's motion establishes no extraordinary and compelling reason that would warrant relief under U.S.S.G. § 1B1.13(b)(5).

## B. REHABILITATIVE EFFORTS

Moore argues that his post-sentencing rehabilitation—through extensive program participation, steady prison employment, and sustained good conduct supports his alleged extraordinary and compelling reason for sentence reduction. Yet there are no extraordinary and compelling reasons to reduce Moore's sentence present here. Because that is the case, the Court need not evaluate the 18 U.S.C. 3553(a) factors. *See United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021); *Elias*, 984 F.3d at 519 (district courts may "deny compassionate-release motions when any of the [applicable] prerequisites listed in § 3582(c)(1)(A) is lacking," and noting that district courts "do not need to address the others").

While rehabilitative efforts may be considered alongside other qualifying circumstances, they cannot serve as the foundation for relief under § 3582(c)(1)(A) or U.S.S.G. § 1B1.13. *United States v. Bass*, 17 F.4th 629, 637 (6th Cir. 2021). Moore's original sentence reflects the seriousness of his offenses,[10] which included drug trafficking, use of a firearm in furtherance of a drug crime,

---

[10] Congress mandated a ten-year minimum sentence for Moore's methamphetamine-distribution conspiracy and a consecutive five-year minimum sentence for his § 924(c) violation. [Doc. 96, Sealed Presentence Report at ¶¶ 82-83.]. And these were not Moore's first offenses: he had prior convictions for assault, domestic assault, and domestic violence, among other offenses. [*Id*. at ¶¶ 52-57.]

and retaliation against a witness. Although Moore's efforts toward rehabilitation and self-improvement are commendable, good behavior and self-improvement are expected of federal inmates. *See United States v. Hymes*, 19 F.4th 928, 934 (6th Cir. 2021) (recognizing that a prisoner's participation in prison programs and lack of disciplinary infractions are "behavior expected of federal prisoners"); *United States v. Logan*, 532 F. Supp. 3d 725, 735 (D. Minn. 2021) ("Prisoners are supposed to follow the rules, take classes, work at a job, and otherwise attempt to improve themselves. That a prisoner does so means that he has met baseline expectations, not that he has done something extraordinary."). These efforts are not extraordinary and compelling reasons. *See* 28 U.S.C. § 994(t)("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

IV. **CONCLUSION**

For all these reasons, Defendant Moore's *pro se* Motion for Compassionate Release [Doc. 253] is **DENIED**.

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge